UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TAMICKO D. MURRAY MCIVER,

            Plaintiff,

-against-

USPS GENERAL ACCOUNTING USPS
INSPECTOR GENERAL,

            Defendant.

24-CV-9796 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action against "USPS General Accounting USPS Inspector General," which the Court understands to be the Inspector General of the United States Postal Service ("USPS"). Plaintiff previously brought a duplicate action against USPS defendants concerning the same events alleged in this action. *See Murray McIver v. Postal Inspector Gen.*, No. 24-CV-9095 (LTS) (S.D.N.Y. Apr. 17, 2025) ("*Murray McIver I*"). The Court dismissed *Murray McIver I*, in part, for lack of subject matter jurisdiction. *See* ECF 1:24-CV-9095, 8.

    By order dated January 6, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), filed in this case. The Court dismisses the complaint for the reasons stated in *Murray McIver I*, as set forth below.

**STANDARD OF REVIEW**

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## DISCUSSION

The facts alleged in this action are duplicative of the facts alleged in *Murray McIver I*. Accordingly, this action is subject to dismissal for the same reasons the Court dismissed *Murray McIver I*. First, because the USPS is "an independent establishment of the executive branch of the Government of the United States," 39 U.S.C. § 201, and the doctrine of sovereign immunity bars federal courts from hearing all suits for monetary damages against the federal government, including its agencies, except where sovereign immunity has been waived, *see United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)), as a governmental agency, the USPS and its employees, including the Inspector, are entitled to sovereign immunity, *see Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006).

Second, although the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA"), provides for a waiver of sovereign immunity for injuries arising from the tortious conduct of federal officers or agents acting within the scope of their office or employment, 28 U.S.C. § 1346(b)(1), this action is subject to the "postal matter exception," which preserves sovereign

immunity for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter," 28 U.S.C. § 2680(b); *Raila v. United States*, 355 F.3d 118, 119 (2d Cir. 2004).

For these reasons, this action must be dismissed because the defendant is protected by sovereign immunity, and therefore this Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Court lacks subject matter jurisdiction of Plaintiff's claims against the USPS Inspector General. Because this defect cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   April 30, 2025
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge